

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

September 16, 1949

Hon. Wm. N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-904.

Re: The maximum tax rate
for hospital purposes
and the validity of
time warrants for hos-
pital repairs under
the submitted facts.

Dear Sir:

Reference is made to your request for an opin-
ion which is substantially as follows:

"Under date of June 27, 1949, the Coun-
ty of Bexar, acting through its Commissioners
Court, and the City of San Antonio, acting
through its Board of Commissioners, entered
into a written agreement providing for the
operation of the Robert B. Green Memorial
Hospital, under the provisions of an act of
the 48th Legislature, 1943, p. 691, ch. 383,
now codified as Art. 4494i, R.C.S. Prior to
said agreement, the Robert B. Green Memorial
Hospital was operated by the County of Bexar
under the provisions of an act of the 49th
Legislature, 1945, p. 466, ch. 295, now cod-
ified as Art. 4437a, R.C.S.

"Under the terms of Art. 4437a, the Com-
missioners' Court was authorized to levy a
tax of not over twenty cents on the valuation
of One Hundred Dollars, while under the terms
of Art. 4494i, cities or towns and counties
are authorized to levy and collect a tax not
to exceed ten cents per One Hundred Dollars
valuation on the property subject to taxes
therein.

"Since Bexar County and the City of San
Antonio are now operating said Robert B. Green
Memorial Hospital jointly under the provisions
of Art. 4494i, R.C.S., kindly furnish us with
your opinion as to the maximum legal rate of
taxation which the Commissioners' Court may
now lawfully levy for the maintenance and
operation of said hospital.

"January 3, 1949, we issued $100,000.-
00 in warrants, $15,000.00 to be used to re-
pair the old part of the Tuberculosis Hospi-
tal and Clinic of the Robert B. Green Memo-
rial Hospital at Southton, Texas.

"Since the date these warrants were is-
sued, the hospital has been brought under the
provisions of Art. 4494l and the management
and funds of said hospital turned over to
the Board of Managers thereof to operate as
a City-County Hospital. As a result, the
bonding house which has contracted to buy
these warrants has now questioned the vali-
dity of the same, contending that since the
Board of Managers is given full power to
erect and repair the hospital, and since on-
ly the Commissioners Court can issue warrants,
that they are invalid warrants. They are,
therefore, refusing to go through with the
contract pending receipt of an opinion from
the Attorney General.

"Can the Commissioners Court legally
issue and sell these warrants for the pur-
pose of repairing said hospital, while said
hospital is being managed under the provi-
sions of Art. 4494l?"

In your request for an opinion you have detail-
ed the history of the Robert B. Green Memorial Hospital
immediately before it became a City-County Hospital, the
circumstances of the consolidation and the history of the
same since the consolidation, which for the sake of clar-
ity will be set out in this opinion, and is as follows:

"The hospital had been operated since
1914 under the provisions of Chapter 5, Title
71, R.C.S., Articles 4478 et seq. In that
year, 1914, under the provisions of Article
4492, the County and City contracted to oper-
ate said hospital jointly for a term of forty
years. Both the City and County issued bonds
in the amount of $125,000.00 to finance the
establishment of same. Small amounts are
still due on both sets of bonds. The city
ceased to comply with the terms of that con-
tract on about the year 1929, and the county
has been operating same alone ever since.

Earlier this year, 1949, the city deeded all its interests to and title in the hospital to the county, and the contract referred to above was abrogated, and the county assumed full ownership in law, as well as continuing to exercise full control in fact.

"The tax rate for the support of the hospital for the year 1949 was set at 18.9¢ under the provisions of Article 4437a. This levy had been previously authorized about 1945 by a vote of the people. The county budget was set up accordingly, and said tax levy has produced in the neighborhood of $400,000.00, which amount has proved itself altogether inadequate to fully and effectively operate said hospital. As a result, the hospital has been almost completely closed during a portion of this year, and only partially open during most of it.

"As a result, negotiation was opened between the County and City authorities whereby an agreement was reached between them for city participation in the operation of a joint City-County Hospital under the provisions of Article 4494l.

"As a result, on June 27, 1949, by its order, the Commissioners Court passed and adopted an ordinance passed and adopted by the City of San Antonio on June 16, 1949, (a copy of which is attached hereto and marked 'Annex 1'), and at that time the hospital became a joint City-County Hospital under the provisions of Article 4494l, without, however, effecting any transfer of title to the realty, which remains in the county."

Article 4494l, V.C.S., is in part as follows:

"Section 1. Any county of the State and any incorporated city or town within such county acting through the Commissioners Court of such county and the governing body of such city or town, may jointly establish, erect, equip, maintain and operate a hospital or hospitals for the care and treatment of the sick, infirm, and/or injured; and for the purposes

of establishing, erecting, equipping, maintaining and operating such a hospital or hospitals, the Commissioners Court of any county and the governing body of any city or town within such county may, by resolution or other appropriate action, confer upon, delegate to and grant to a Board of Managers, as hereinafter provided, full and complete authority to establish, erect, equip, maintain and operate such hospital or hospitals. Such cities or towns and counties that have heretofore issued and sold bonds for the specific purpose of jointly establishing, erecting, equipping, maintaining and operating such joint county-city hospital may finance such hospital or hospitals out of general revenues and are each, respectively, hereby authorized to levy and collect a tax, not to exceed Ten (10) Cents per one hundred dollar valuation on the property subject to taxes therein, for such purposes." (Emphasis added)

Article 4437a, V.C.S., is in part as follows:

"Section 1. That all counties in Texas having a population of 200,000 or more inhabitants as shown by the last preceding Federal Census, in which are established hospitals jointly owned and operated by any city and county, in which said hospital is located, the said counties or cities under the terms of a mutual agreement, and not otherwise, are hereby authorized to designate either the county or city government for the purpose of taking over the entire ownership and control of such hospitals upon such terms as may be mutually agreed upon between the city and county owning such hospitals and operating the same, and providing further that such portions of the tax hereinafter referred to shall, if voted by a majority of the qualified voters, be used to take care of the interest and sinking fund required by law on all outstanding bonds of the city or county heretofore issued which have been incurred against the building or maintenance of said hospitals or that may hereafter be issued. That in case it is determined by said mutual agreement for the city to take over the said hospitals and

operate the same, the board of managers
may be appointed by the governing body of
the city in accordance with the terms of
its charter or in accordance with its judg-
ment.

"Sec. 3. A direct tax of not over 20¢
on the valuation of $100.00 may be authoriz-
ed and levied by the Commissioners Court of
such county for the purpose of erecting build-
ings or other improvements and for operating
and maintaining such hospital; provided that
all such levy of taxes shall be submitted to
the qualified taxpaying voters of the county,
and a majority vote shall be necessary to
levy the tax. Successive elections may be
held to authorize additional taxes hereunder
provided the total tax shall not exceed the
maximum of 20¢ per $100.00 valuation, as here-
inabove provided." (Emphasis added)

Prior to its amendment in 1945, Article 4437a
provided for a direct tax of not over 10¢ on the valua-
tion of One Hundred Dollars ($100.00) to be levied by
the Commissioners' Court for the purpose of erecting
buildings and for maintaining hospitals upon approval
of the qualified taxpaying voters by a majority vote.
The amendment to Article 4437a by the Acts of 1945, 49th
Legislature, provided for a direct tax of not more than
20¢ on the valuation of $100.00 to be levied by the Com-
missioners' Court for the same purpose. The condition
contained in Article 4437a is "established hospitals
jointly owned and operated by any city and county, in
which said hospital is located, the said counties or
cities under the terms of a mutual agreement, and not
otherwise, are hereby authorized to designate either the
county or city government for the purpose of taking over
the entire ownership and control of such hospital upon
such terms as may be mutually agreed upon." In other
words, if a tax of 20¢ on the $100 valuation is levied
by the county the hospital must be one in which the gov-
erning authority has been delegated to either the city
or county. Your factual recitation reflects that Robert
B. Green Memorial Hospital is now operating under Arti-
cle 4494i pursuant to an agreement between the City of
San Antonio and the County of Bexar. This being true,
we agree with your conclusion that such hospital is now
operated under the joint management of the city and coun-
ty and is therefore limited to a 10¢ levy on the $100

valuation by the city and by the county, respectively.
A hospital operated jointly by a city and county is not
a county hospital. Glasscock v. Wells, 171 S.W. 782
(Tex.Civ.App. 1914, error ref.).

Article 4494i provides that such Act is cumu-
lative of all other Acts. Article 4437a provides that
the section relating to tubercular hospitals only is
cumulative of all other Acts. It is contended that a
tax of more than 10¢ on the $100 valuation may be lev-
ied by the County of Bexar. Webster defines "cumula-
tive" to mean "that which augments by addition; that
is added to something else." Articles 4437a and 4494i
are cumulative only as to those operations within the
same category. It is our opinion that these Articles
refer to two distinct types of operations of hospitals,
and are not cumulative of each other.

Since Robert B. Green Memorial Hospital is
operated jointly by the city and county under Article
4494i, we agree with your conclusion that the provi-
sions of Article 4437a are not applicable. If such hos-
pital were a city-county hospital where the authority to
control and manage had been delegated to either, then
Article 4437a would control. Therefore, it is our opin-
ion that the maximum tax levy that may now be levied by
Bexar County for hospital purposes is a tax not to ex-
ceed 10¢ on the $100 valuation.

We now turn to your second question regarding
the time warrants. Article 4494i provides that the gov-
erning authorities of a hospital may delegate and grant
to a Board of Managers full and complete authority to
establish, erect, equip, maintain and operate such hos-
pital. This having been done, the question is now pre-
sented as to whether the Commissioners' Court can legal-
ly issue and deliver the time warrants authorized by the
Commissioners' Court on January 3, 1949, prior to the
effective date of House Bill No. 106, Acts 51st Legis-
lature, for the purpose of repairing Robert B. Green
Memorial Hospital while the same is operated under Art-
icle 4494i.

In the case of Adams v. McGill, 146 S.W.2d
332 (Tex.Civ.App. 1941, error ref.), the Court said:

      ". . . a county, subject to the ex-
   press restrictions imposed by the Consti-
   tution and general laws, has the power to

issue time warrants in payment for im-
provements <u>it is expressly authorized to
construct,</u> provided that the applicable
regulations relating to the issuance of
such warrants be observed." (Underscor-
ing ours).

This office stated in Opinion No. V-779, dat-
ed February 23, 1949, that a Commissioners' Court un-
der the facts outlined therein has authority to issue
interest bearing time warrants for the purpose of es-
tablishing and equipping a county hospital. In this
connection, Article 4494i provides that Boards of
Managers shall have authority to disburse and pay out
funds set aside by such County and City for purposes
connected with such hospital. Further, it is provided
that in connection with the erection and equipping of
such hospital, the Board of Managers shall have the au-
thority to determine the manner of expending any funds
that may have been provided for such purpose, whether
by the issuance of bonds or other obligations or by ap-
propriations. While the Board of Managers has exclusive
authority in the manner of expending funds, it is our
opinion that a Commissioners' Court would not be pre-
cluded from issuing time warrants. Such warrants, pre-
sumably, would be issued at the request of the Board of
Managers for the making of repairs which said Board in
its discretion determined should be made. As only the
Commissioners' Court is empowered under the Constitution
and statutes to levy taxes for hospital purposes, only
that agency could issue time warrants and levy a tax for
the payment of the interest and principal thereof. We
think that Article 4494i, in providing that complete
authority is vested in the Board of Managers, would re-
quire that time warrants would be issued by the Commis-
sioners' Court at the instance of the Board of Managers
for the repairs designated by the Board. The Commission-
ers' Court would enter such contracts and issue the time
warrants in accordance with the request of the Board, as-
suming, of course, that the purpose is proper. There-
fore, in answer to your question, the Commissioners'
Court of Bexar County may legally issue and deliver the
time warrants in question for the purpose of repairing
Robert B. Green Memorial Hospital provided the provi-
sions of the "Bond and Warrant Law" (Art. 2368a, V.C.S.)
are met, and provided, further, that the county has the
taxing power to do so.

Subsequent to the receipt of your request you

have submitted additional questions which are as follows:

"May a bond be required of said Board
for the protection of the County against
the loss of such County funds transferred
to said Board, and, if not, whether or not
in the event of the possible loss or dissi-
pation of said funds by said Board, any
personal or official liability for said
loss would be incurred by the Commission-
ers' Court as a body, or by any of the mem-
bers thereof as individuals, in either their
private or official capacities, through the
possible wasteful or wrongful action of such
Board resulting in the loss of part or all
of said hospital monies?"

We find no statute which requires a member of
a Board of Managers of a city-county hospital operating
under the provisions of Article 4494i to execute a bond
conditioned against the loss of county funds transfer-
red to said Board. The Board members will be liable for
any misapplication of funds, and should follow Article
2549 concerning bonded depositories, and all other ap-
plicable statutes relating to the use and care of pub-
lic funds.

Generally speaking, Commissioners' Courts
would not be liable for the official acts of a Board
of Managers of a city-county hospital. Their bonds are
conditioned on their own faithful performance. However,
this matter resolves itself into a factual situation,
and therefore we are precluded from answering the same.

## SUMMARY

The maximum tax rate that may be lev-
ied by the Commissioners' Court of Bexar
County for hospital purposes in connection
with the joint operation of the Robert B.
Green Memorial Hospital with the City of
San Antonio, pursuant to the provisions of
Article 4494i, Vernon's Civil Statutes, is
a tax not to exceed 10¢ on the $100 valua-
tion.

The Commissioners' Court of Bexar Coun-
ty may legally issue and deliver the time
warrants authorized by the Commissioners'

Court on January 3, 1949 (prior to the ef-
fective date of House Bill No. 106, Acts
51st Legislature), for the repair of Robert
B. Green Memorial Hospital provided the pro-
visions of the Bond and Warrant Law are met,
and provided, further, the county has the
taxing power to meet the requirements there-
of.

The Board of Managers of a city-county
hospital operated pursuant to the provisions
of Article 4494l, Vernon's Civil Statutes,
are not required by such statute to execute
a bond conditioned against the loss of coun-
ty funds transferred to such Board.  Board
members are liable for any misapplication
of funds and should follow all applicable
statutes relating to the use and care of
public funds.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BW:bh:mw

By Burnell Waldrep
Burnell Waldrep
Assistant

APPROVED

Price Daniel
ATTORNEY GENERAL